UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DENISSE PAYNE,<br><br>　　　　　　　　*Plaintiff,*<br><br>v.<br><br>CAREONE, LLC;<br>CAREONE AT WAYNE,<br><br>　　　　　　　　*Defendants.* | **COMPLAINT**<br><br>Docket No.:_____<br><br>**PLAINTIFF DEMANDS A TRIAL BY JURY** |

Plaintiff Denisse Payne, by her attorneys, the Law Offices of Montell Figgins, LLC, alleges the following:

## NATURE OF THE CASE

1.  This is a civil action for monetary losses suffered by Plaintiff Denisse Payne against CareOne, LLC and its subsidiary, CareOne at Wayne, in connection with the wrongful termination of her employment therewith on August 31, 2015. The termination of Plaintiff's employment was motivated by Plaintiff's sex and national origin. Plaintiff, for her causes of action, alleges the following:

## THE PARTIES

2.  Plaintiff DENISSE PAYNE ("Plaintiff") currently resides at 75 Goshen Street APT 202, City of Paterson, County of Passaic, State of New Jersey.

3.  Defendant CAREONE, LLC ("CareOne") is a corporation organized under the laws of the State of New Jersey and maintaining its principal place of business at 173 Bridge Plaza North, Borough of Fort Lee, County of Bergen, State of New Jersey.

4. Defendant CAREONE AT WAYNE ("CareOne Wayne") is a corporate subsidiary of CareOne and maintains its principal place of business at 493 Black Oak Ridge Road, Township of Wayne, County of Passaic, State of New Jersey.

## JURISDICTION

5. Plaintiff brings this Complaint and Jury Demand under federal pendent jurisdiction, 28 U.S.C. §1367, as Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-1 et seq., in addition to violations of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq., and the common law of New Jersey governing employment discrimination.

## FACTUAL ALLEGATIONS

6. Plaintiff is a national of Ecuador, from where she immigrated to the United States in the year 2000. She is present in the United States as a lawful permanent resident.

7. Plaintiff was employed by CareOne for over 10 years, having worked at CareOne's centers in the Borough of Wanaque, the Borough of Lincoln Park, and the Township of Wayne—all in the State of New Jersey.

8. Plaintiff was employed by CareOne Wayne for 2 years, first working as a recreation assistant and then becoming assistant director of recreation until her promotion to the position of director of recreation. Plaintiff was not an "at will" employee and was qualified for her position, being certified as an activity professional.

9. As director of recreation, part of Plaintiff's duties included the planning of weekly shopping trips for residents of CareOne Wayne. During these trips, up to 10 residents would board a CareOne shuttle that would transport them to a designated store such as Wal-Mart. Occasionally, Plaintiff would travel with the residents.

10. Since beginning her employment at CareOne Wayne, Plaintiff had been having problems with the administrator assigned to that location. Sometimes, the administrator would make Plaintiff work odd hours or perform tasks unrelated to Plaintiff's title. Other times, the administrator would raise issues to Plaintiff about the way she would prepare business records relating to her department—although non-Hispanic directors from other departments who would prepare records in the same manner never had such problems.

11. On or about August 20, 2015, Plaintiff traveled with the CareOne Wayne residents to the local Wal-Mart. While on the way back to the CareOne Wayne premises, the handicap entrance of the shuttle opened by itself twice, causing the shuttle driver to twice stop to close it. No one was injured and all passengers arrived safely to CareOne Wayne's premises.

12. Upon arriving, the administrator, as well as an unknown representative of CareOne, questioned Plaintiff about the above incident. During the course of this conversation, Plaintiff informed the administrator and the CareOne representative that she had recently found out that she was pregnant. Upon learning this, the administrator and the representative expressed doubt that Plaintiff would be able to perform her duties due to her pregnancy although pregnancy has no bearing on a woman's ability to plan activities.

13. CareOne Wayne then suspended Plaintiff for 10 days, officially stating that she had failed to observe internal safety regulations in the transportation of CareOne Wayne's residents.

14. Using the same pretext, CareOne Wayne terminated Plaintiff's employment over a matter outside of Plaintiff's control or job description.

15. On or about September 10, 2015, Plaintiff filed a complaint with the Federal Equal Employment Opportunity Commission ("EEOC"), as required under 42 U.S.C. §2000e-5.

On or about October 26, 2015, the EEOC declined to pursue any action against CareOne Wayne or against CareOne.

16. Because of complications related to her pregnancy, Plaintiff was and continues to be unable to obtain employment at any other healthcare or senior citizen facility.

## COUNT ONE:

## WRONGFUL TERMINATION ON THE BASIS OF NATIONAL ORIGIN, IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 ("TITLE VII")

### (42 U.S.C. §2000e et seq.)

17. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 16 of this Complaint, as if fully set forth herein.

18. By committing the above acts, CareOne Wayne violated Title VII's provision prohibiting discrimination on the basis of national origin, codified as 42 U.S.C. §2000e-2(a)(1). That section provides that no employer may discharge an individual on the basis of *inter alia* national origin.

19. Under Title VII, Plaintiff's national origin makes her a member of a protected class. Plaintiff was qualified for her position and performed according the standards of her profession. Nevertheless, the administrator for CareOne Wayne constantly singled her out for the way she prepared business records where other non-Ecuadorian CareOne Wayne employees who prepared records in a similar manner faced no such treatment. There thus arises a substantial probability that Plaintiff's national origin was a motivating factor in her treatment by the administrator assigned to CareOne Wayne.

**WHEREFORE** Plaintiff demands judgment against Defendants for the following:

Case 2:17-cv-02660-KM-MAH   Document 1   Filed 04/19/17   Page 5 of 8 PageID: 5

a. Actual, compensatory, and statutory damages on all claims allowed by law in an amount to be determined by trial;

b. Punitive damages;

c. Pre and post-judgment interest as permitted by law;

d. Costs of this suit; and

e. Any and all such further relief as this Court deems just and proper.

## COUNT TWO:

## WRONGUL TERMINATION ON THE BASIS OF SEX, IN VIOLATION OF TITLE VII

20. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 19 of this Complaint, as if fully set forth herein.

21. By committing the above acts, CareOne Wayne violated Title VII's provision prohibiting discrimination on the basis of sex, also codified as 42 U.S.C. §2000e-2(a)(1). Pursuant to the Pregnancy Discrimination Act of 1978, discrimination on the basis of sex includes discrimination on the basis of pregnancy. 42 U.S.C. §2000e(k).

22. Plaintiff is a member of a protected class due to her pregnancy. Pregnancy was no impediment to Plaintiff's ability to perform her duties, especially where her position did not require her to actually go on trips with CareOne Wayne residents at all times. Nevertheless, using the pretext of a violation of safety protocol, Plaintiff was terminated. Upon information and belief, Plaintiff was then replaced by someone who was not pregnant. There thus arises a strong probability that Plaintiff's pregnancy motivated her dismissal from CareOne Wayne.

**WHEREFORE** Plaintiff demands judgment against Defendants for the following:

a. Actual, compensatory, and statutory damages on all claims allowed by law in an amount to be determined by trial;

b. Punitive damages;

c. Pre and post-judgment interest as permitted by law;

d. Costs of this suit; and

e. Any and all such further relief as this Court deems just and proper.

## COUNT THREE:

## WRONGFUL DISCHARGE ON THE BASIS OF NATIONAL ORIGIN, IN VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION ("NJLAD") (N.J.S.A. §10:5-1 et seq.)

23. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 22 of this Complaint, as if fully set forth herein.

24. By committing the above acts, CareOne Wayne violated NJLAD's provision prohibiting discrimination on the basis of national origin, codified as N.J.S.A. §10:5-12(a).

25. Under NJLAD, Plaintiff is a member of a protected class. Prior to her termination, Plaintiff had been performing her duties, but she was nevertheless dismissed under the pretext of a violation of safety protocol. Because other involved parties who were not nationals of Ecuador did not face treatment out of that safety incident, an inference arises that Plaintiff was dismissed on the basis of her national origin.

**WHEREFORE** Plaintiff demands judgment against Defendants for the following:

f. Actual, compensatory, and statutory damages on all claims allowed by law in an amount to be determined by trial;

g. Punitive damages;

h. Pre and post-judgment interest as permitted by law;

i. Costs of this suit; and

j.  Any and all such further relief as this Court deems just and proper.

## COUNT FOUR:

## DISCRIMINATORY LAYOFF OR REDUCTION IN FORCE ON THE BASIS OF PREGNANCY, IN VIOLATION OF NJLAD

26.  Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 25 of this Complaint, as if fully set forth herein.

27.  By committing the above acts, CareOne Wayne violated NJLAD's provision prohibiting discrimination on the basis of pregnancy, codified as N.J.S.A. §10:5-12(a).

28.  Under NJLAD, Plaintiff is a member of a protected class. Prior to her termination, Plaintiff had been performing her duties, but was nevertheless dismissed under the pretext of a violation of safety protocol. Because other involved parties who were either male or not pregnant did not face the same treatment out of that safety incident, an inference arises that Plaintiff was dismissed on the basis of her pregnancy.

**WHEREFORE** Plaintiff demands judgment against Defendants for the following:

a.  Actual, compensatory, and statutory damages on all claims allowed by law in an amount to be determined by trial;

b.  Punitive damages;

c.  Pre and post-judgment interest as permitted by law;

d.  Costs of this suit; and

e.  Any and all such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as to all issues so triable as a matter of right, pursuant to F.R.C.P. 38(b)(1) and 38(c).

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff demands judgment against Defendants for the following:

a. Actual, compensatory, and statutory damages on all claims allowed by law in an amount to be determined by trial;

b. Punitive damages;

c. Pre and post-judgment interest as permitted by law;

d. Costs of this suit; and

e. Any and all such further relief as this Court deems just and proper.

Dated: April 19, 2017
Newark, New Jersey

_____
Montell Figgins, Esq.
*Attorney for Plaintiff*
New Jersey Bar ID# 036912003

Law Offices of Montell Figgins, LLC
17 Academy Street, Suite 305
Newark, New Jersey 07102
T: (973) 242-4700
F: (973) 242-4701
figginslawoffice@gmail.com

_____
Sterling J. Santamaria, Esq.
*Attorney for Plaintiff*
New Jersey Bar ID# 172062016

Law Offices of Montell Figgins, LLC
17 Academy Street, Suite 305
Newark, New Jersey 07102
T: (973) 242-4700
F: (973) 242-4701
figginslawoffice@gmail.com