UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DENISSE PAYNE,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**CAREONE, LLC,**<br>**CAREONE AT WAYNE,**<br><br>    **Defendants.** | Civ. No. 17-2660 (KM) (MAH)<br><br>**MEMORANDUM OPINION** |

### KEVIN MCNULTY, U.S.D.J.:

Before the Court is the motion (ECF no. 5) of the defendants ("CareOne") to dismiss Counts One and Two of the Complaint for failure to state a claim. See Fed. R. Civ. P. 12(b)(6). For the reasons stated herein, I will grant the motion, which is unopposed. Because the federal claims lack minimal substance and there have been no significant proceedings in this case, I will decline to exercise supplemental jurisdiction over the remaining state-law claims, and dismiss the Complaint in its entirety.

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a Rule 12(b)(6) motion, a court must take the allegations of the complaint as true and draw reasonable inferences in the light most favorable to the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). The complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal.* 556 U.S. 662, 678 (2009).

1

The Complaint alleges that defendant CareOne wrongfully terminated the employment of the plaintiff, Denisse Payne, on August 31, 2015. The termination was purportedly based on Ms. Payne's failure to observe safety precautions when transporting residents in a shuttle van. She alleges that it was really motivated by her sex and pregnancy, as well as her Ecuadorian national origin.

The Complaint asserts four causes of action:

Count 1: Title VII, 42 U.S.C. § 2000e (wrongful termination based on national origin)

Count 2: Title VII, 42 U.S.C. § 2000e (wrongful termination based on sex and pregnancy)

Count 3: New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:5-1 (wrongful termination based on national origin)

Count 4: NJLAD, N.J. Stat. Ann. § 10:5-12(a) (discriminatory layoff or reduction in force based on pregnancy)

CareOne has moved to dismiss the Title VII claims, Counts 1 and 2 of the Complaint, as untimely.

A prerequisite to filing suit under Title VII is exhaustion of administrative remedies. The complainant must file a charge within 180 days of the alleged discrimination. 42 U.S.C. § 200e-5(e)(1). If the EEOC decides not to pursue the claim, it must so notify the claimant, generally through the issuance of a "right to sue letter." *See Waiters v. Parson*, 729 F.2d 233, 237 (3d Cir. 1984). The claimant then has 90 days to file suit. 42 U.S.C. § 2000e-5(f)(1). The ninety-day statute of limitations is "strictly enforced," *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 472 (3d Cir. 2001), absent a sufficient basis for tolling, *Mosel v. Hills Dep't Store, Inc.*, 789 F.2d 251, 252–53 (3d Cir. 1986).

The Complaint alleges that "[o]n or about September 10, 2015, Plaintiff filed a complaint with the Federal Equal Employment Opportunity Commission ("EEOC"), as required under 42 U.S.C. § 2000e-5. On or about October 26, 2015, the EEOC declined to pursue any action against CareOne Wayne or

2

against CareOne." (Cplt. ¶ 15)[1] The Complaint in this action was filed nearly six months later, on April 19, 2017. It is untimely on its face.

The plaintiff filed no response to the motion to dismiss. In response to a telephone query from the clerk, counsel for the plaintiff confirmed that the motion was uncontested and filed a confirming letter (ECF no. 7). No reason appears that the Court should not follow the usual course of dismissing such an untimely complaint.[2]

In light of the foregoing, the motion to dismiss Counts 1 and 2 is granted. In light of the considered decision of plaintiff's counsel to file no opposition to the motion, I conclude that amendment would not be sought or would be futile, and the dismissal is therefore with prejudice.

That leaves the question of whether to retain jurisdiction over the remaining state-law claims, Counts 3 and 4. No independent basis for subject matter jurisdiction over these Counts appears in the Complaint. Indeed, the Complaint explicitly alleges that the state-law claims asserted in Counts 3 and 4 are brought pursuant to the court's supplemental jurisdiction. *See* 28 U.S.C. § 1367 ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").[3]

---

[1] The Complaint does not state when the plaintiff actually received the EEOC's right to sue letter, but this is not a close case. At any rate, receipt is presumed to occur three days after mailing. *See Seitzinger v. Reading Hosp. and Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999).

[2] Dismissal is appropriate even where the plaintiff misses the 90-day deadline by one day or several. Some recent examples in this District include *Shabazz v. New Jersey Transit*, No. CV 14-4565, 2017 WL 3605314, at *2 (D.N.J. Aug. 22, 2017) (eleven days); *Collier v. Edger*, No. CV165430MASTJB, 2017 WL 3396412, at *2 (D.N.J. Aug. 7, 2017) (one day); *Walker v. United Parcel Serv.*, No. CV 16-4949 (RBK/KMW), 2017 WL 1365217, at *2 (D.N.J. Apr. 7, 2017) (twelve days).

[3] Diversity of citizenship is not alleged, and the complaint's allegations regarding "The Parties" imply otherwise. *See* 28 U.S.C. § 1332(a).

3

There is little doubt that, if Counts 1 and 2 were viable Title VII claims brought under the court's federal question jurisdiction, *see* 28 U.S.C. § 1331, then Counts 3 and 4, although brought under state law, would appropriately be viewed as part of the "same case or controversy." But Counts 1 and 2 have not survived an initial motion to dismiss; the state-law counts are the only counts left in the case

Under 28 U.S.C. § 1367(c)(3), a court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction." The decision is a discretionary one, but that discretion must be exercised in light of certain mandatory factors:

> [W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience and fairness to the parties provide an affirmative justification for doing so.

*Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)). In short, the presumptive rule is that, even where supplemental jurisdiction might be found, the state claims shall be dismissed, unless reasons of economy and fairness dictate otherwise. Thus, where the case has been substantially litigated, it may be a proper exercise of discretion to retain it. *See Growth Horizons, Inc. v. Delaware County, Pa.*, 983 F.2d 1277. 1284–85 (3d Cir. 1993) (remanding for exercise of discretion as to whether to retain pendent claim, noting that where the district court already heard evidence necessary to decide the state contract claim, it might retain jurisdiction). Where, on the other hand, the case is nowhere close to trial, remand is the proper course. *Freund v. Florio*, 795 F. Supp. 702, 710 (D.N.J. 1992) ("[A]t this early stage in the litigation, dismissal of the pendent state claims in a federal forum will result in neither a waste of judicial resources nor prejudice to the parties.").

This case is nowhere near trial. There have been no substantial proceedings, no discovery, not even an initial scheduling conference. Indeed,

4

the only substantive proceedings consist of this motion to dismiss, and as to that, the plaintiff did not even file a response. Supplemental jurisdiction over Counts 3 and 4 is therefore plainly inappropriate.

## CONCLUSION

For the reasons stated above, I will GRANT defendants' motion to dismiss Counts 1 and 2 of the Complaint, and decline to exercise supplemental jurisdiction over Counts 3 and 4. The Complaint is thus dismissed in its entirety. An appropriate Order accompanies this Opinion.

Dated: October 13, 2017

**Kevin McNulty**
**United States District Judge**